Johnnie R. GOSHA, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A05–0610–CR–561.

Court of Appeals of Indiana.

Sept. 18, 2007.

Daniel K. Whitehead, Yorktown, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher A. Americanos, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Johnnie Gosha appeals from the trial court's order revoking his probation. He presents the following issues for our review:

1. Whether the trial court erred when it did not make a determination of

Gosha's indigency for purposes of this appeal.

2. Whether the trial court erred when it revoked Gosha's probation.

We affirm.[1]

## FACTS AND PROCEDURAL HISTORY

In 2002, Gosha pleaded guilty to two counts of Dealing in Cocaine, as Class B felonies. The trial court accepted the plea and sentenced Gosha to an aggregate term of twenty years, with thirteen years suspended. The trial court ordered that upon his release, Gosha would serve ten years on probation.

On July 26, 2006, the State filed a notice of probation violation. During the evidentiary hearing on September 11, 2006, Gosha, represented by private counsel, admitted to four of the alleged probation violations. In particular, he admitted that he: failed to obtain a substance abuse evaluation and provide verification to the probation department; failed to pay child support in the amount of $40 per week, per child; failed to abstain from illicit drugs; and failed to maintain employment and provide verification to the probation department. The trial court revoked his probation and ordered him to serve ten years of the suspended portion of his sentence. Gosha's counsel asked the trial court to appoint pauper appellate counsel, but the court denied that request. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Pauper Counsel

■ Gosha first contends that the trial court abused its discretion when it did not appoint him pauper counsel for purposes of this appeal. In particular, he maintains that "[s]ubstantial equality and fair process" require the trial court, in every case, to determine a defendant's indigent status for purposes of appeal following the revocation of his probation. Brief of Appellant at 8. We cannot agree.

Although not cited by either party in their briefs on appeal, Indiana Rule of Criminal Procedure 11 provides in relevant part:

[F]ollowing a judgment revoking probation of a defendant found to have violated the terms of his probation *after a contested felony probation revocation proceeding*, the judge shall immediately advise the defendant as follows:

(1) that he is entitled to take an appeal or file a motion to correct error;

\* \* \*

(4) that if he is financially unable to employ an attorney, the court will appoint counsel for defendant at public expense for the purpose of filing the motion to correct error and for taking an appeal.

\* \* \*

The court shall then inquire of the defendant whether or not he is a pauper and has insufficient funds to employ an attorney. If the court finds that he is financially unable to employ counsel for an appeal and the defendant states that he desires an attorney for appeal, the court shall thereupon promptly appoint an attorney to represent the defendant

---

1. We vacate our original memorandum decision in this matter to rectify an error in our interpretation of Criminal Rule 11. Our purpose in issuing this published opinion is to clarify the law and eliminate confusion. *See, e.g., Highshew v. Kushto*, 235 Ind. 505, 135 N.E.2d 251, 252 (1956).

in an appeal and notify the defendant at said time of said action.

(Emphasis added).

Here, because Gosha admitted to four probation violations, the probation revocation proceeding was not contested.[2] Therefore, under Criminal Rule 11, the trial court was not required to make the advisements regarding his right to appeal or determine whether he was entitled pauper counsel.

■ To the extent that Gosha argues he has a constitutional right to have pauper counsel appointed, that contention must fail. The Due Process Clause applies to probation revocation hearings. *Reyes v. State*, 868 N.E.2d 438, 440 (Ind.2007). But there is no right to probation: the trial court has discretion whether to grant it, under what conditions, and whether to revoke it if conditions are violated. *Id.* "It should not surprise, then, that probationers do not receive the same constitutional rights that defendants receive at trial." *Id.* For instance, in *Reyes,* our Supreme Court observed, "Because probation revocation hearings are not criminal trials, the United States Supreme Court's decision on the Sixth Amendment right to confrontation in criminal trials, *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), is not implicated or discussed here." *Id.* at 440 n. 1.

■ In a probation revocation proceeding, the minimum requirements of due process include: (a) written notice of the claimed violations of probation; (b) disclosure to the probationer of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking probation. *Parker v. State,* 676 N.E.2d 1083, 1085 (Ind.Ct.App.1997) (citing *Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)).

■ Indiana has codified the due process requirements of *Morrissey* in Indiana Code Section 35–38–2–3 by requiring that an evidentiary hearing be held on the revocation and providing for confrontation and cross-examination of witnesses by the probationer. *Id.* However, when a probationer admits to the violations, the procedural safeguards of *Morrissey* and the evidentiary hearing are not necessary. *Id.*

Following the reasoning in *Parker,* we hold that a probationer is not entitled to pauper counsel for purposes of appeal when he admits to the violations. Our holding is in accord with Criminal Rule 11, and Gosha has not demonstrated a violation of his constitutional rights.

**Issue Two: Sufficiency of the Evidence**

■ Gosha also contends that the State presented insufficient evidence to support the revocation of his probation. Probation is a matter of grace, and whether probation is granted is within the trial court's discretion. *Morgan v. State,* 691 N.E.2d 466, 468 (Ind.Ct.App.1998). The sole question at a probation revocation hearing is whether the probationer should be allowed to remain conditionally free or rather should be required to serve the previously imposed sentence in prison. *Id.* It is well settled that violation of a single condition of probation is sufficient to revoke probation. *Wilson v. State,* 708

---

**2.** On appeal, Gosha makes no contention that his probation revocation hearing was contested for purposes of Criminal Rule 11.

N.E.2d 32, 34 (Ind.Ct.App.1999). If the court finds the defendant has violated a condition of his probation at any time before the termination of the probationary period, and the petition to revoke is filed within the probationary period, then the court may order execution of the sentence that had been suspended. *Wilburn v. State,* 671 N.E.2d 143, 147 (Ind.Ct.App. 1996), *trans. denied.*

Here, Gosha admitted to four of the seven alleged probation violations, including failing to obtain a substance abuse evaluation, complying with treatment recommendations, and providing written verification of successful completion of a treatment program. Gosha admitted that he was abusing drugs at the time of the revocation hearing. This evidence was sufficient to support the revocation of Gosha's probation. *See Wilson,* 708 N.E.2d at 34. Gosha merely asks us to reweigh the evidence, which is a task not within our prerogative on appeal.

Affirmed.

RILEY, J., and BARNES, J., concur.