**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JEFFREY D. STONEBRAKER**
Clark County Chief Public Defender
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MARVIN DEWAYNE DAVEY, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 10A01-1205-CR-229 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE CLARK SUPERIOR COURT
The Honorable Jerome F. Jacobi, Judge
Cause No. 10D02-0110-CF-239

**December 31, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Marvin Dewayne Davey ("Davey") appeals from the trial court's order revoking his probation and ordering the remainder of his sentence to be served as executed time in the Department of Correction.  He now appeals.

We affirm.

**Issue**

Davey challenges the revocation of his probation, contending that the trial court's sua sponte orders to continue the proceedings and sua sponte questioning of a probation officer, both separately and taken as a whole, are indicative of judicial bias requiring reversal.

**Facts and Procedural History**

Davey pled guilty to Dealing in Cocaine, as a Class B felony.  On March 7, 2003, judgment of conviction was entered against Davey and he was sentenced to twenty years imprisonment, ten years of which were suspended to probation.  The terms of his probation included the following provisions:

(3) During said probationary period, you shall report to the Court's Probation Officer at reasonable times as directed by the Court or the Court's Probation Officer.  Two (2) missed appointments may result in a formal court action to revoke your probation;

(4) During said probationary period, you … shall notify the Court or the Court's Probation Officer within twenty-four (24) hours of any change in address or employment;

(5) You shall not violate any of the criminal laws of the State of Indiana or any other jurisdiction.  Your probation may be revoked in such case, after a hearing, even you are not arrested, charged, or convicted of the new offense.  If found guilty of a new criminal offense, your conviction

2

will support a revocation of probation after a hearing. You shall notify your Probation Officer of any arrest within forty-eight (48) hours;

\*\*\*

(8) During this probationary period, you shall not use or possess alcohol, and shall not use or possess controlled substances unless prescribed by a physician….

\*\*\*

(9) You shall not associate with any person of bad character or reputation or with any person who is likely to influence you to commit any crime….

(App. at 65-67.)

On June 25, 2009, the State filed a petition to revoke Davey's probation. On October 19, 2009, Davey admitted to having violated probation and was imprisoned for five days, after which his probation was reinstated and probation user fees of $700 were assessed.

On March 22, 2010, the State filed another petition to revoke Davey's probation, in which it alleged that Davey had failed to verify his residence and pay probation user fees, which by then totaled $773. A pre-trial conference and a hearing on the petition were scheduled to occur on June 3, 2010 and June 7, 2010, respectively, but on June 3, 2010, Davey requested and was granted a continuance of these hearings. The pre-trial conference was reset to June 14, 2010, and the probation revocation hearing was reset to July 12, 2010.

On July 13, 2010, the State filed an amended petition to revoke Davey's probation, in which the State alleged that on June 16, 2010, Davey had violated the terms of his probation by committing Robbery, as a Class B felony, and Receiving Stolen Property, as a Class D felony. The State also alleged that Davey had violated his probation by associating with a

3

person of bad character, Michael C. Oliver.

On May 19, 2011, the State filed a second amended petition to revoke probation, which added allegations that Davey had failed to appear for meetings with the trial court's probation officer on October 23, 2009, January 8, 2010, April 26, 2010, June 2, 2010, October 22, 2010, November 10, 2010, and March 23, 2011. Also on May 19, 2011, an arrest warrant was issued for Davey.

On August 19, 2011, the State filed a third amended petition to revoke Davey's probation.[1] On August 31, 2011, the State filed its fourth amended petition to revoke probation, adding allegations that on August 15, 2011, Davey had committed the offense of Driving While Intoxicated, as a Class C misdemeanor, and that on August 23, 2011, Davey had committed the offense of Domestic Battery, as a Class A misdemeanor. The fourth amended petition also added allegations that Davey had consumed alcohol on August 15, 2011 and August 25, 2011, and failed to notify the probation officer of a change in residence.

Subsequent to the State's filing of the fourth amended petition to revoke probation, the trial court set a probation revocation hearing for October 17, 2011. Though the court heard testimony from Brian Sharp ("Sharp"), who was Davey's probation officer, there was insufficient time to conclude either Sharp's testimony or to hear any other evidence in the matter after what the trial court characterized as "one of those banner days." (Tr. at 15.) As a result, and without objection from either party, the trial court ordered the hearing continued to November 14, 2011, the date which was suggested by Davey's counsel.

---

[1] The substance of this petition was not provided to this Court.

4

During the hearing on November 14, 2011, Sharp again provided testimony. After the State conducted its direct examination of Sharp, the trial court judge asked numerous questions concerning Sharp's testimony, which repeated the summary assertions of the various petitions to revoke probation with some additional detail. Following the court's questions, Davey cross-examined Sharp. Running out of time again to proceed onward with the hearing, the trial court ordered the hearing continued to January 23, 2012, and instructed the State to be sure that its remaining witnesses were present to provide testimony at the hearing concerning allegations in the petitions about which Sharp could not properly testify. Davey did not object to the trial court's questioning of Sharp or to any specific questions the judge asked of Sharp, and concurred with the court's statement that a continuance would be appropriate. (Tr. at 42.)

On January 23, 2012, the trial court attempted to continue the probation revocation proceeding. By the time the judge called the hearing to order, Davey, who had been present in the courtroom before the court came into session, had claimed to be ill and had left for a hospital emergency room. The trial court ordered the hearing continued.

After several additional continuances and other delays, on April 4, 2012, the trial court conducted a final evidentiary hearing on the petitions to revoke probation. Davey failed to appear for the hearing after having been told that if he failed to appear, the hearing would be conducted in his absence. The trial court therefore proceeded without Davey being present, and testimony from Sharp as well as three police officers, Richard Ashabranner, Sam Moss, and Leslie K. Kavanaugh, was presented. Testimony from the officers implicated Davey as

5

having committed public intoxication and having aided another individual in the robbery of a Meijer store. Sharp testified that Davey had failed to report changes in residence or establish an explanation for his failure to pay probation fees. At the conclusion of the hearing, the trial court found that Davey had violated the terms of his probation.

On April 18, 2012, the trial court conducted a hearing to determine sanctions as a result of Davey's probation violation. At the conclusion of this hearing, the trial court ordered executed seven years of the ten-year suspended sentence, with ninety-two days of credit time, after which Davey's probation, fees, and other required programs associated with his March 2003 conviction would terminate.

This appeal followed.

**Discussion and Decision**

Davey contends that the trial court improperly revoked his probation because he was deprived of his due process rights during the probation revocation hearing. There is no right to probation; whether and under what conditions probation may be granted or revoked are left to the discretion of the trial court. Reyes v. State, 868 N.E.2d 438, 441 (Ind. 2007). We will not reverse a trial court's decision to revoke a defendant's probation absent an abuse of that discretion, which occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. Figures v. State, 920 N.E.2d 267, 274 (Ind. Ct. App. 2010).

Davey's contentions relate to due process concerns. While a probationer is not entitled to the same constitutional protections due a criminal defendant at trial, a defendant is

nevertheless entitled to certain due process protections during a probation revocation proceeding. Gosha v. State, 873 N.E.2d 660, 663 (Ind. Ct. App. 2007) (citing Crawford v. Washington, 541 U.S. 36 (2004); Reyes, 868 N.E.2d at 440), vacating unpublished memorandum decision, Slip Op., No. 48A05-0610-CR-561. A defendant in a probation revocation matter is entitled to due process rights that include

> (a) written notice of the claimed violations of probation; (b) disclosure to the probationer of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking probation.

Id. These rights have been codified by our legislature. See Ind. Code § 35-38-2-3(e) (requiring a probation revocation hearing and representation of counsel except where the defendant admits to a probation violation and requests waiver of the hearing).

Davey contends that the trial court's multiple decisions to continue his probation revocation hearing across several hearing dates and the trial court's sua sponte examination of Sharp, taken as a whole, deprived him of due process as a result of judicial bias. The State first responds to Davey's arguments by arguing that Davey failed to object to the manner in which the proceedings were conducted and has consequently waived the matters on appeal. The State also disputes Davey's arguments on the merits.

We review a trial court's decision to grant or deny a continuance for an abuse of discretion. Williams v. State, 669 N.E.2d 1372, 1387 (Ind. 1996). Failure to object to an error and thus preserve that issue for review on appeal results in waiver. Groves v. State, 823

7

N.E.2d 1229, 1232 (Ind. Ct. App. 2005). This principle applies as well to matters of judicial bias. Flowers v. State, 738 N.E.2d 1051, 1061 (Ind. 2000). The law presumes that a judge is unbiased and unprejudiced in matters that come before the court. Id. at 1060. When "any semblance of judicial bias or impropriety comes to the judge's attention," it is within the judge's discretion to disqualify himself sua sponte. Id. Moreover, justice requires that a judge sua sponte disqualify himself from a case where the judge harbors actual prejudice. Id.

Here, during the October 17, 2011 hearing, Davey's counsel cooperated with the trial court in identifying possible dates for continuation of the probation revocation hearing. Toward the end of the next hearing date on November 14, 2011, Davey's counsel expressly agreed with the trial court's observation that a continuance to hear additional evidence "would be better than just to stop [the hearing] now." (Tr. at 42.) The subsequent continuances, which postponed a decision on the petitions to revoke probation, were a result of Davey twice going to the hospital for treatment the same day as each of the hearing dates or as a result of other requests to continue the hearing to later dates; Davey did not object to any of these.

Finally, on April 4, 2012, Davey failed to appear for the probation revocation hearing after having been informed by the trial court that failure to appear would result in proceedings being conducted in his absence. It was at this hearing that evidence was elicited from witnesses other than Sharp concerning the allegations in the petitions to revoke probation. Davey again claimed to be at the hospital but did not provide written verification of his medical treatment, and the trial court moved forward with the hearing in his absence.

To the extent Davey requested or caused continuances through his efforts to seek medical treatment, he cannot now claim that these continuances deprived him of his due process rights. Cf. Ind. Crim. Rule 4(C) (precluding discharge of a defendant in a criminal matter where the defendant sought a continuance or the defendant's act caused the complained-of delay). Moreover, to the extent he failed to object to the continuances, Davey has failed to preserve error and waived our review of these matters. We therefore decline to reverse the trial court's decision on these grounds.

Waiver also forecloses Davey's appeal concerning the trial court's questioning of Sharp. During the hearing on November 14, 2011—the second of the hearing dates—the State called Sharp to testify. Once the State completed its direct examination of Sharp, the trial judge, apparently dissatisfied with the completeness or clarity of the facts before the court, asked questions of Sharp. At no time during the trial judge's examination of Sharp did Davey object to either the judge's questioning in general or to specific questions the trial court posed to Sharp.

Having failed to raise any objection to the trial judge's questions to Sharp, Davey has waived any claimed error arising from that portion of the hearings. Because Davey raises no other issues challenging the trial court's revocation of his probation, we conclude that he is not entitled to reversal of the trial court's order. We therefore affirm the revocation of his probation.

Affirmed.

VAIDIK, J., and BROWN, J., concur.