**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**CLIFFORD M. DAVENPORT**
Davenport Law Offices
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| KRAMER HILL, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )    No.  48A02-1311-CR-924 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Thomas Newman, Jr., Judge
Cause Nos. 48C03-1203-FD-571 and 48C03-1207-FC-1258

**August 12, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

In this consolidated appeal, Kramer Hill ("Hill") appeals the trial court's revocation of his probation under two separate causes.

We affirm.

## ISSUE

Whether the trial court erred by revoking Hill's probation in two causes and ordering him to serve his previously suspended sentences.

## FACTS

On March 27, 2012, police officers were called to the scene of a fight in Anderson, Indiana. When the officers arrived, twenty-one-year-old Hill, who was involved in the fight, dropped a backpack to the ground. Following Hill's arrest, the officers searched the backpack and found two prescription bottles containing numerous pills for which Hill did not have a prescription. The State then charged Hill with two counts of Class D felony possession of a controlled substance under cause number 48C03-1203-FD-571 ("FD-571").

On July 8, 2012, while Hill was out on bond in FD-571, Hill and his girlfriend at that time took Hill's mother's purse from her hands while she was sleeping. Hill's mother slept with her purse because "she had [had] trouble with her son in the past." (Tr. 8). Hill's mother was awakened by Hill trying to grab her purse. After Hill's girlfriend pushed his mother down, Hill ran outside, dumped the contents of the purse, and ran off with $32.00. Thereafter, the State charged Hill with Class C felony robbery under cause number 48C03-1207-FC-1258 ("FC-1258").

2

On September 7, 2012, Hill entered into a written plea agreement that covered both causes. Under FD-571, Hill agreed to plead guilty to one count of Class D felony possession of a controlled substance in exchange for the dismissal of the other Class D felony charge. Under FC-1258, Hill agreed to plead guilty to a lesser charge of Class D felony theft in exchange for the dismissal of the Class C felony charge. The plea agreement left sentencing open to the trial court.

On September 24, 2012, the trial court held a guilty plea hearing for both causes. Hill pled guilty to Class D felony possession of a controlled substance and Class D felony theft, and the trial court accepted his guilty pleas.

Thereafter, on October 8, 2012, the trial court held a sentencing hearing on both causes. For Hill's Class D felony conviction in FD-571, the trial court imposed a twenty-four (24) month sentence with six (6) months executed in a work release program and eighteen (18) months suspended to probation. For Hill's Class D felony conviction in FC-1258, the trial court imposed a twenty-four (24) month sentence with six (6) months executed on in-home detention with his mother and eighteen (18) months suspended to probation. The trial court ordered this sentence to be served consecutively to Hill's sentence in FD-571. Under both causes, Hill's conditions of probation required him to, among other things, pay probation fees; abstain from illicit drugs; submit to drug screens upon a three-hour notice from the probation department; and "not knowingly associate with any person who has been convicted of [a] felony, except for just cause[.]" (App. 8, 38).

3

Less than one month after sentencing, on October 24, 2012, the State filed, under FC-1258, a Petition for Termination of Home Detention and Violation of Executed/Suspended Sentence ("notice of probation violation #1"), alleging that Hill had failed to pay his probation fees and failed to report to the probation office for his home detention hook-up appointment.

During a hearing on February 11, 2013, Hill admitted that he had violated his probation by failing to report but claimed that he did so because his mother did not have enough money to obtain housing with a phone land line. The trial court directed the probation department to get a urine sample from Hill, but Hill was "unable to produce a specimen." (Tr. 49). The trial court held Hill in the county jail until he was able to provide a urine sample, which he eventually gave on March 4 and which came back "dirty." (Tr. 54).

During a follow-up hearing on March 11, 2013, Hill claimed that he failed the urine screen because he had taken "some old Xanax[.]" (Tr. 54). Hill asked the trial court to release him to home detention and told the trial court that he wanted to attend narcotics anonymous classes. The trial court warned Hill that "all these shenanigans that [he had] been pulling" did not bode well for him, (Tr. 58), but the trial court agreed to "try it again" to "see if [Hill] want[ed] to do it right this time" and released Hill back to in-home detention. (Tr. 59).

On August 1, 2013, the State filed a Violation of Suspended Sentence ("notice of probation violation #2") in both causes. The State alleged that Hill had violated probation by failing to pay fees and by failing a drug screen (testing positive for opiates

4

without a valid prescription).  During a hearing on September 23, 2013, Hill admitted that he violated probation by failing to pay his fees.  He also admitted that he tested positive for opiates, but he submitted a pharmacy record to show that he had received a prescription for hydrocodone in April and July 2013.  Later in the hearing, Hill admitted that he had purchased additional hydrocodone from a person off the street.  Hill told the trial court that his current girlfriend was five months pregnant, and he claimed that he was "ready to step up."  (Tr. 81).  The trial judge told Hill that he did not "know if [he] believed [Hill's] words but [that Hill's] actions w[ould] prove . . . whether or not [Hill was] sincere or not."  (Tr. 81).  The trial court told Hill that it would "give [him] a chance" and would keep him on probation.  (Tr. 81).  The trial court also extended Hill's probation by one year in FD-571.

On September 25, 2013, the State filed a Notice of Violation of Probation ("notice of probation violation #3") in both causes.  The State alleged that Hill had violated probation by failing to abstain from illicit drugs (marijuana and K2); associating with person with a felony conviction (his pregnant girlfriend); and failing to submit to a drug screen within three hours as required by his conditions of probation.

The trial court held a probation revocation hearing on October 7, 2013.  During this hearing, Hill's probation officer, Tony New ("Probation Officer New"), testified that on September 24, 2013, Hill admitted to him that he had used marijuana and K2. Specifically, Hill had admitted to Probation Officer New that he used marijuana after the filing of the notice of probation violation #2 and had used K2 while in the county jail on that prior violation petition.  Additionally, Probation Officer New testified that he

requested Hill to submit to a urine screen on September 24, 2013, and Hill had refused. Finally, Probation Officer New testified that Hill had associated with a felon because Hill's pregnant girlfriend was on probation for a felony conviction.

When Hill testified, he admitted his marijuana use, stating that he had "messed up and smoked weed." (Tr. 102). Additionally, Hill admitted that he had a drug problem, including an "addiction to opiates" and problems with marijuana. (Tr. 101). Hill stated, "I like to take pain pills and I smoke weed." (Tr. 102). Hill, however, claimed that he did not use K2 and had only seen it used while he was in jail. Hill also testified that he did not provide a urine sample because Probation Officer New was "rude" and made him "uncomfortable" and admitted that this was "no excuse." (Tr. 100). Hill also testified that he did not know that his girlfriend's conviction was a felony.

The trial court determined that Hill had violated his probation under both causes by "violat[ing] the conditions of his probation as set out in the [notice of probation violation #3]." (App. 62). The trial court revoked Hill's probation in both causes and ordered him to serve both of his previously suspended eighteen-month sentences in the Department of Correction. Hill now appeals.

DECISION

Hill argues that the trial court erred in both causes by: (a) revoking his probation; and (b) ordering him to serve his previously suspended sentences. We review each argument in turn.

A.    Revocation of Probation

6

Turning to Hill's argument that the trial court erred by revoking his probation, we note that "[p]robation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the conditions are violated. *Id.*; *see also* Ind. Code § 35–38–2–3(a). Indeed, violation of a single condition of probation is sufficient to revoke probation. *Gosha v. State*, 873 N.E.2d 660, 663 (Ind. Ct. App. 2007). When reviewing a trial court's determination that a probation violation has occurred, we consider only the evidence most favorable to the judgment, and we will not reweigh the evidence or judge the credibility of the witnesses. *Sanders v. State*, 825 N.E.2d 952, 955-56 (Ind. Ct. App. 2005), *trans. denied*.

Hill, who admitted that he used marijuana and refused to submit a urine sample, argues that there was not sufficient evidence to support the trial court's revocation of his probation in both causes because he denied using K2 and because he testified that he thought his girlfriend's conviction was a misdemeanor. Hill's argument is nothing more than a request to reweigh the evidence and credibility of witnesses, which we will not do. Because the evidence was sufficient to show that Hill violated the terms of his probation, we affirm the trial court's revocation of his probation in both causes.

B.      Order to Serve Suspended Sentence

Next, we review Hill's challenge to the trial court's order that he serve his previously suspended sentences in both causes.

Upon determining that a probationer has violated a condition of probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time

7

of initial sentencing." I.C. § 35–38–2–3(h)(3). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt*, 878 N.E.2d at 188. "If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." *Id.* As a result, we review a trial court's sentencing decision from a probation revocation for an abuse of discretion. *Id.* (citing *Sanders*, 825 N.E.2d at 956). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

The record reveals that the trial court had ample basis for its decision to order Hill to serve his eighteen (18) month suspended sentence in both causes. Hill, who was twenty-one years old at the time of his offenses, has a criminal history that includes a felony conviction for theft and misdemeanor convictions for resisting law enforcement and public intoxication. Hill committed the offense against his mother in FD-1258 while he was out on bond from his possession of controlled substance charges in FC-571. The presentence investigation report indicates that, at the time of Hill's original sentencing hearing, he had pending misdemeanor charges in three separate causes. The trial court, however, granted Hill a reprieve from serving his sentences at the Department of Correction by ordering the six-month executed portion of his sentences to be served on in-home detention in FC-1258, on work release in FD-571, and by suspending eighteen months of his sentence in both causes to probation. While on probation, Hill used drugs on various occasions. The trial court gave Hill multiple chances when he faced his first two allegations of violating his probation.

Based on the record before us, we conclude that the trial court did not abuse its discretion by ordering Hill to serve his previously suspended sentences in the Department of Correction.  For the foregoing reasons, we affirm the trial court's revocation of Hill's probation in both causes.

Affirmed.

FRIEDLANDER, J., and MATHIAS, J., concur.