**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 30 2014, 10:06 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JEFFREY E. STRATMAN**
Aurora, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RAYMOND P. DICK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  15A01-1312-CR-554 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DEARBORN CIRCUIT COURT
The Honorable James D. Humphrey, Judge
Cause No. 15C01-1103-FC-16

**September 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

After Raymond P. Dick ("Dick") pled guilty to Class D felony voyeurism[1] and Class C felony attempted child exploitation,[2] the trial court sentenced him—pursuant to his plea agreement—to an aggregate sentence of seven (7) years with four (4) years suspended to probation. Among Dick's special conditions of probation was the requirement that he actively participate in and complete a court-ordered sex offender program. After Dick was terminated from the sex-offender program, the trial court revoked his probation and ordered him to serve his previously four-year suspended sentence.

Dick now appeals the trial court's revocation of his probation, arguing that there was not sufficient evidence to support the revocation and that the trial court abused its discretion by ordering him to serve his previously suspended sentence. Finding no error with the trial court's revocation of Dick's probation or its order for Dick to serve his previously suspended sentence, we affirm.

We affirm.

## ISSUE

1. Whether there was sufficient evidence to support the trial court's revocation of Dick's probation.

2. Whether the trial court abused its discretion by ordering Dick to serve his previously suspended sentence.

---

[1] IND. CODE § 35-45-4-5.

[2] I.C. §§ 35-41-5-1, 35-42-4-4.

FACTS

In March 2011, the State charged Dick with: Count 1, Class D felony voyeurism; Count 2, Class C felony attempted child exploitation; Counts 3-30, Class C felony child exploitation, and Counts 31-58, Class D felony possession of child pornography. In December 2011, pursuant to a written plea agreement, Dick pled guilty to the Class D felony voyeurism and Class C felony attempted child exploitation charges in exchange for the State's dismissal of the remaining fifty-six charges. As part of the plea agreement, the parties agreed that Dick would be sentenced to three (3) years with three (3) years suspended to probation for his Class D felony charge and to four (4) years with one (1) year suspended to probation for his Class C felony charge.[3] They also agreed that, as a condition of his probation, Dick would pay a $100 probation administration fee and a $100 initial probation user's fee within ninety days of his release from incarceration, as well as $165 in court costs within sixty days of his release from incarceration.

In January 2011, the trial court sentenced Dick pursuant to the plea agreement and ordered his sentences to be served consecutively. Thus, the trial court imposed an aggregate seven (7) year sentence with four (4) years suspended to probation. Condition seven of Dick's special conditions of probation as a sex offender included the following provision:

---

[3] The written plea agreement initially provided that Dick would be sentenced to three (3) years with three (3) years suspended to probation for his Class D felony charge and to four (4) years with three (3) years suspended to probation for his Class C felony charge; however, the plea agreement was amended and initialed by the parties.

*You shall attend, actively participate in and successfully complete a court-approved sex offender treatment program as directed by the court.* Prompt payment of any fees is your responsibility and you must maintain steady progress towards all treatment goals as determined by your treatment provider. *Unsuccessful termination from treatment or non-compliance with other required behavioral management requirements will be considered a violation of your probation.* You will not be permitted to change treatment providers unless the court gives you prior written approval.

(App. 91) (emphases added).

After serving his executed term of imprisonment, Dick moved to Ohio and had his probation transferred there. In Ohio, Dick started a weekly sex offender group therapy program in March 2013. The program was focused on life skills and taking accountability for the offender's commission of his sex offense. This sex offender program was a twenty-four month program, but Dick was terminated from the program on July 31, 2013.

On August 15, 2013, the State filed a notice of probation violation, alleging that Dick had violated the terms of his probation by: (1) being "terminated on July 31, 2013 from Lifepoint Solutions, a Sex Offender Treatment Program" for being "uncooperative" and "disruptive in group" and for "fail[ing] repeatedly to make progress[;]" and (2) failing to pay probation fees and court costs. (App. 20).

The trial court held a probation revocation hearing on November 13, 2013. During this hearing, Gary Key ("Key"), a psychotherapist and Dick's group counselor at LifePoint Solutions, testified that Dick had completed only four months of a twenty-four-

4

month sex offender treatment program before Key kicked Dick out of the program.[4] Key testified that "throughout the course of treatment it was quite obvious to [him] . . . that [Dick] usually did not take the group seriously." (Tr. 31). Key testified that Dick had missed two sessions and that Dick "did not take the group seriously[,]" "kinda goof[ed] around[,]" engaged in "fun and games," and made "snide jokes[.]" (Tr. 31). Key testified that he had verbally warned Dick on multiple occasions about his behavior. According to Key's testimony, after he warned Dick about his behavior, Dick would "calm down" for a week or two and then return to the "same old kind of . . . non-committal type of approach to the group itself." (Tr. 31). Key testified that he ultimately terminated Dick from the program when he undermined a new member who was taking accountability for his sex offenses and "minimized" the new member's sex offense. (Tr. 47). Specifically, the new member was sharing with the group and "taking much more ownership over his behavior that brought him to [the] group" when Dick said that the new member was "entrapped by the police" and "entrapped by the system." (Tr. 33). Additionally, Key testified that when group members challenged Dick about him engaging in "high risk situations[,]" Dick responded by saying, "[H]ey if they sen[d] me back, they sen[d] me back, I can take care of myself . . . I can do this time standing on my head." (Tr. 49). Key testified that he had to terminate Dick from the program for the integrity of the group.

Dick did not testify at the revocation hearing. Additionally, Dick's counsel did not dispute that Dick had been terminated from the sex offender program. Instead,

---

[4] In his Appellant's Brief, Dick states that Key testified telephonically. While the trial court did grant the State's request to have Key testify telephonically, the record gives the appearance that Key was present in the courtroom for the revocation hearing.

Dick's counsel challenged Key's reasons for terminating Dick from the program and argued that the trial court should not find that a probation violation had occurred.

The trial court determined that Dick had violated his probation by failing to comply with his special condition of probation that required him to participate in and successfully complete a court-approved sex offender treatment program. The trial court revoked Dick's probation and ordered him to serve his previously suspended four-year sentence in the Department of Correction. When doing so, the trial court specifically addressed its reasons as follows:

> We are here because Mr. Raymond Dick is on probation for voyeurism and attempted child exploitation. And as I recall, I believe this involved videotaping in – of a young lady in a bathroom. I've also reviewed, again we've talked about the conditions of probation . . . and I've also reviewed Mr. Raymond Dick's history. And if I've counted this up, I – the way, what I've come up with is three prior probation violations. I believe there's also a parole violation. 21 total prior convictions. 7 felonies. 3 prior sex offenses. 2 failure to register as a sex offender. And a prior incidence [sic], I believe this is relating to the parole violation, of not complying with a sex offender treatment program. That is a pretty substantial record. At the time that this plea was accepted, I noted that I was very reluctant to accept this plea. And I was reluctant based upon your history, and based upon what happened here. The reason that this treatment program was made a condition of probation is absolutely critical for you and for the people of this community and other communities is because of your history and what you were convicted of. And the testimony that I've heard here today convinced me, as I've indicated, that you did not successfully complete it and you were not serious about taking advantage of this opportunity; because it was an opportunity for you when I accepted – the day I accepted this plea. And again I think its further – the importance of it is not just the criminal history involved, but a prior failure to comply with a sex offender program. You knew how important it was based upon that and you still didn't do it. Therefore, based upon these factors that I've stated, I am ordering that the remaining four years of the suspended sentence are revoked and they will be served with the Indiana Department of Correction.

(Tr. 83-84).[5]  Dick now appeals.

<u>DECISION</u>

Dick argues that the trial court erred by: (1) revoking his probation; and (2) ordering him to serve his previously suspended sentences.  We review each argument in turn.

1.      <u>Revocation of Probation</u>

Turning to Dick's argument that the trial court erred by revoking his probation, we note that "[p]robation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled."  *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).  The trial court determines the conditions of probation and may revoke probation if the conditions are violated.  *Id.*; *see also* IND. CODE § 35–38–2–3(a).  Indeed, violation of a single condition of probation is sufficient to revoke probation.  *Gosha v. State*, 873 N.E.2d 660, 663 (Ind. Ct. App. 2007).  When reviewing a trial court's determination that a probation violation has occurred, we consider only the evidence most favorable to the judgment, and we will not reweigh the evidence or judge the credibility of the witnesses.  *Sanders v. State*, 825 N.E.2d 952, 955-56 (Ind. Ct. App. 2005), *trans. denied*.

Here, the trial court revoked Dick's probation because he did not comply with the special condition of probation that required him to "actively participate in and successfully complete a court-approved sex offender treatment program[.]"  (App. 91).  Dick argues that the trial court erred by revoking his probation because the testimony of Key, the sex offender treatment counselor, was insufficient to support a finding that he

---

[5] In its probation revocation order, the trial court also set forth its specific reasons for ordering Dick to serve his suspended sentence.

violated the terms of his probation. It is undisputed that Dick failed to comply with his probation condition that required him to actively participate in and successfully complete a sex offender treatment program. Additionally, the special condition of probation that he violated specifically provided, "Unsuccessful termination from treatment or non-compliance with other required behavioral management requirements will be considered a violation of your probation." (App. 91). Dick's argument challenging the sex offender treatment counselor's reasons for terminating Dick from the program is nothing more than a request to reweigh the evidence and credibility of witnesses, which we will not do. Because the evidence was sufficient to show that Dick violated the terms of his probation by failing to complete a sex offender treatment program, we affirm the trial court's revocation of his probation.

## 2. Order to Serve Suspended Sentence

Next, we review Dick's challenge to the trial court's order that he serve his previously suspended sentence. Upon determining that a probationer has violated a condition of probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." I.C. § 35–38–2–3(h)(3). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt*, 878 N.E.2d at 188. "If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." *Id.* As a result, we review a trial court's sentencing decision from a probation revocation for an abuse of discretion. *Id.* (citing *Sanders*, 825 N.E.2d at 956).

An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

The record reveals that the trial court had ample basis for its decision to order Dick to serve his four-year suspended sentence. As specifically noted by the trial court, Dick, who was forty-three years old at the time of his offenses, has a criminal history that includes twenty-one convictions, including seven felony convictions and three sex offense convictions (two of which are for fondling in the presence of a minor). Additionally, Dick has previously failed to comply with court-ordered sex offender treatment and has failed to register as a sex offender.

Based on the record before us, we conclude that the trial court did not abuse its discretion by ordering Dick to serve his previously suspended sentence in the Department of Correction. For the foregoing reasons, we affirm the trial court's revocation of Dick's probation.

Affirmed.

NAJAM, J., and BAILEY, J., concur.