## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 17 2019, 10:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer A. Joas
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mark Alan Foutch, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff* | January 17, 2019 <br><br> Court of Appeals Case No. 18A-CR-1954 <br><br> Appeal from the Jefferson Circuit Court <br><br> The Honorable Darrell M. Auxier, Judge <br><br> Trial Court Cause No. 39C01-1704-F3-373 |

**Altice, Judge.**

**Case Summary**

[1] Mark A. Foutch appeals the revocation of his placement in community corrections. He contends that the trial court abused its discretion by ordering him to serve the remainder of his previously suspended sentence in prison.

[2] We affirm.

## Facts & Procedural History

[3] In April 2017, the State charged Foutch with Level 3 felony robbery, Level 5 felony criminal confinement, and Level 6 felony possession of methamphetamine. Foutch later pled guilty, pursuant to a plea agreement, to Level 5 felony criminal confinement, and the other two counts were dismissed. The plea agreement provided for a three-year prison sentence suspended to community corrections. On October 18, 2017, the trial court accepted the plea agreement, sentenced Foutch accordingly, and placed him on supervised probation through Jefferson County Community Corrections for 913 days.

[4] On March 7, 2018, the State filed a verified petition to revoke Foutch's community corrections placement. The State alleged that Foutch had violated his placement by, among other things, committing new criminal offenses, testing positive for methamphetamine on two separate occasions, and being noncompliant with Centerstone treatment services. The trial court held a factfinding hearing on May 2, 2018, regarding the petition.

[5] At the revocation hearing, Ani Bridges, Foutch's community corrections case manager, testified that Foutch was provided three drug screens during his

placement. He failed two of them, testing positive for methamphetamine on January 31, 2018 and February 14, 2018. Additionally, Bridges testified that Foutch had been required to participate in substance abuse treatment at Centerstone. After his third appointment on January 16, 2018, Foutch stopped attending Centerstone, claiming lack of transportation and "stressors at home". *Transcript* at 16.

[6] Additionally, the State presented evidence that Foutch had been arrested and charged with new criminal offenses that allegedly occurred near the end of February 2018. Foutch was charged with possession of methamphetamine, unlawful possession of a hypodermic needle, criminal mischief, and theft. Officer Christopher Trapp with the City of Madison Police Department testified and provided details of the arrest and the evidence and contraband found in Foutch's home.[1] Foutch bonded out after this new arrest and was placed on lockdown by community corrections. Thereafter, he had six different days of electronic monitoring violations. He was arrested and reincarcerated in the Jefferson County Jail on March 8, 2018.

[7] Foutch testified at the revocation hearing and acknowledged that he was still having "a little bit" of substance abuse issues at the time he was placed on community corrections. *Id.* at 33. He testified that he used methamphetamine only twice during his time in community corrections and that he did so because

---

[1] Among other things, officers recovered a syringe loaded with methamphetamine from a nightstand in the bedroom Foutch shared with his girlfriend. A number of other used syringes were also in the same location.

of life stressors, including unemployment, utilities being shut off, and sick relatives. Foutch testified that transportation issues kept him from following through with treatment at Centerstone.

[8] At the conclusion of the evidence, the trial court found that Foutch had violated the terms of his probation by using illegal drugs. The court noted, specifically, the two times Foutch tested positive for methamphetamine. Thereafter, at the sentencing hearing on June 27, 2018, the trial court revoked the balance of Foutch's suspended sentence. Foutch now appeals.

## Discussion & Decision

[9] It is well established that probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled.[2] *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Once a trial court has exercised its grace by ordering probation rather than incarceration, the trial court has considerable leeway in deciding how to proceed. *Id.* Accordingly, a trial court's sentencing decisions for probation violations are reviewable for an abuse of discretion and reversible only where the decision is clearly against the logic and effect of the facts and circumstances. *Id.* "If the court finds the defendant has violated a condition of his probation at any time before the termination of the probationary period, and the petition to revoke is filed within the probationary

---

[2] The same is true with respect to placement in a community corrections program. *See Monroe v. State*, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009) ("Both probation and community corrections programs serve as alternatives to commitment to the DOC and both are made at the sole discretion of the trial court.").

period, then the court may order execution of the sentence that had been suspended." *Gosha v. State*, 873 N.E.2d 660, 664 (Ind. Ct. App. 2007); *see also* Ind. Code § 35-38-2-3(h) (listing three sanctions that may be imposed upon the finding of a violation: (1) continue the person on probation with or without modification; (2) extend the probationary period; or (3) order execution of all or part of the sentence that was suspended at the time of the initial sentencing).

[10] On appeal, Foutch concedes that he violated probation by failing two drug screens. He contends only that his violation did not warrant a revocation of his entire suspended sentence. In other words, he claims the trial court abused its discretion with respect to the sanction imposed. We cannot agree.

[11] We initially observe that Foutch received a tremendous benefit under the original plea agreement. Not only was a Level 3 felony charge dismissed, but the agreement provided for him to serve the advisory sentence of three years for his Level 5 felony offense in community corrections rather than prison. The trial court accepted the plea agreement despite Foutch's significant, multi-state criminal history and prior probation violations.

[12] Instead of seizing upon this opportunity of leniency, Foutch tested positive for methamphetamine a few months later in January and February 2018. Additionally, around this same time, he failed to follow through with required substance abuse treatment and was arrested for new criminal offenses. He was placed on lockdown after being released from jail on bail and proceeded to violate his electronic monitoring on several days.

[13]     Before revoking the balance of Foutch's suspended sentence, the trial court stated, "[Foutch] has performed poorly while on Community Corrections and as a result the Court does not feel it is advisable for [him] to remain on probation." *Transcript* at 50.  The trial court acted well within its discretion.

[14]     Judgment affirmed.

Najam, J. and Pyle, J., concur.