## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 24 2019, 9:04 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James A. Shoaf
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Shelby Bense, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | April 24, 2019 <br><br> Court of Appeals Case No. 18A-CR-2780 <br><br> Appeal from the Bartholomew Superior Court <br><br> The Honorable James D. Worton, Judge <br><br> Trial Court Cause No. 03D01-1706-CM-3624 |

**Pyle, Judge.**

# Statement of the Case

[1] Shelby Bense ("Bense") appeals the revocation of her probation, arguing that the trial court abused its discretion by ordering her to serve her previously suspended sentence. Concluding that there was no abuse of discretion, we affirm the trial court's judgment.

[2] We affirm.

# Issue

Whether the trial court abused its discretion by ordering Bense to serve her previously suspended sentence.

# Facts

[3] In June 2017, the State charged Bense with Class A misdemeanor conversion. In January 2018, Bense entered into a plea agreement and pled guilty as charged. The parties agreed that Bense would receive a one-year sentence suspended to probation. The trial court accepted Bense's guilty plea and imposed the sentence set out in the plea agreement. As part of Bense's terms of probation, the trial court ordered her to obtain a substance abuse evaluation and to follow the recommendations from the evaluation.

[4] Two months later, in March 2018, the State filed a notice of probation violation, alleging that Bense had violated her probation by: (1) committing the offense of possession of marijuana in Bartholomew County; (2) using methamphetamine; (3) failing to go to a substance abuse evaluation; and (4) associating with an individual who was on probation, parole, or involved in

illegal activities. At the probation revocation hearing, Bense admitted that she had violated her probation under allegations (2), (3), and (4) contained in the revocation petition. The trial court allowed Bense to remain on probation and extended her probationary period by ninety days. The trial court also ordered Bense, who was pregnant, to "get into treatment immediately[.]" (App. Vol. 2 at 50).

[5] Shortly thereafter, in August 2018, the State filed a second notice of probation violation, alleging that Bense had violated her probation by: (1) committing the crimes of possession of heroin and possession of paraphernalia in Bartholomew County; (2) failing to comply with substance abuse treatment; (3) failing to report her new address; and (4) failing to report to probation. The trial court held a probation revocation hearing in September 2018. Bense admitted that she had violated her probation under allegations (2), (3), and (4) contained in the second revocation petition. The trial court scheduled a dispositional hearing for October 2018, but Bense failed to appear for that hearing. In November 2018, the trial court held the dispositional hearing. At the beginning of the hearing, Bense acknowledged that she had an active warrant out of Marion County for a Level 6 felony possession of a controlled substance case. The trial court revoked Bense's probation and ordered her to serve the balance of her previously suspended sentence in the Bartholomew County Jail. Bense now appeals.

# Decision

[6] Bense argues that the trial court abused its discretion by ordering her to serve her previously suspended sentence.

[7] Our supreme court has held that "a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (citing *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*) (rejecting a defendant's argument that his probation violation sanction should be reviewed under the inappropriate standard in Indiana Appellate Rule 7(B)). Probation serves as an "alternative[] to commitment to the Department of Correction[,]" and is "made at the sole discretion of the trial court." *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999), *reh'g denied*. A trial court determines the conditions of probation and may revoke probation if the conditions are violated. *Prewitt*, 878 N.E.2d at 188; *see also* IND. CODE § 35-38-2-3(a). Indeed, violation of a single condition of probation is sufficient to revoke probation. *Gosha v. State*, 873 N.E.2d 660, 663 (Ind. Ct. App. 2007). Upon determining that a probationer has violated a condition of probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." IND. CODE § 35-38-2-3(h)(3). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt*, 878 N.E.2d at 188. "If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future

defendants." *Id.* As a result, we review a trial court's sentencing decision from a probation revocation for an abuse of discretion. *Id.* (citing *Sanders*, 825 N.E.2d at 956). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[8] Bense asserts that the trial court abused its discretion by ordering her to serve her previously suspended sentence and contends that the trial court should have placed her in a community corrections program so that she could receive substance abuse treatment. We disagree.

[9] The record reveals that the trial court had a sufficient basis for its decision to order Bense to serve her previously suspended sentence. Here, as part of Bense's probation, she was required to get a substance abuse evaluation and to follow the treatment recommendations. She did not do so. Within two months of being placed on probation, she was charged with possession of marijuana, and she admitted that she had violated probation—the first time—by using methamphetamine, failing to go to a substance abuse evaluation, and associating with an individual who was on probation, parole, or involved in illegal activities. The trial court showed Bense leniency and allowed her to continue on probation following these violations, and it ordered that Bense, who at that time was pregnant, to immediately seek substance abuse treatment. Bense, however, squandered this opportunity. Within three months, the State filed a second probation revocation petition, alleging that Bense had: (1) committed the crimes of possession of heroin and possession of paraphernalia; (2) failed to comply with substance abuse treatment; (3) failed to report her new

address; and (4) failed to report to probation. Bense admitted that she had violated probation under allegations (2), (3), and (4), and she admitted that she had an active warrant out of Marion County for a Level 6 felony possession of a controlled substance case. Based on the record before us, we conclude that the trial court did not abuse its discretion by ordering Bense to serve her previously suspended sentence. For the foregoing reasons, we affirm the trial court's revocation of Bense's probation.

[10] Affirmed.

Riley, J., and Bailey, J., concur.