## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 08 2020, 9:47 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer A. Joas
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Zachary R. Griffin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Andrew Thomas Kress, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff* | April 8, 2020 <br><br> Court of Appeals Case No. 19A-CR-2567 <br><br> Appeal from the Ripley Circuit Court <br><br> The Honorable Ryan J. King, Judge <br><br> Trial Court Cause No. 69C01-1609-F5-32 |

**Altice, Judge.**

## Case Summary

[1] Within a month of receiving a six-year suspended sentence for Level 5 felony conspiracy to commit burglary, Andrew Kress violated probation by committing a new criminal offense – Level 6 felony escape – and using methamphetamine and marijuana. Kress admitted to these violations, and the trial court revoked five and one-half years of his suspended sentence and sent him to the Indiana Department of Correction (the DOC). On appeal, Kress argues that the trial court abused its discretion.

[2] We affirm.

## Facts & Procedural History

[3] In September 2016, the State charged Kress in Ripley County with Level 5 felony conspiracy to commit burglary, as well as three misdemeanor offenses. The State also filed a habitual offender enhancement a few weeks later. Then, after Kress failed to appear at a pretrial hearing in July 2017, a warrant was issued for his arrest, and the trial court permitted the State to add another count for Level 6 felony failure to appear.

[4] On April 9, 2018, Kress entered into a negotiated plea agreement with the State, pursuant to which he agreed to plead guilty to conspiracy to commit burglary and the State agreed to the dismissal of the habitual offender allegation and the other counts. Additionally, the agreement provided for imposition of a six-year prison sentence suspended to supervised probation. The trial court accepted the plea and sentenced Kress accordingly on June 25, 2018.

[5] While the Ripley County charges were pending throughout 2017, Kress committed crimes in Decatur County (theft, forgery, neglect of a dependent, and escape) and Jackson County (driving while suspended). The various criminal causes out of Decatur County, along with a habitual offender enhancement, were resolved on March 5, 2018 through a joint plea agreement. Kress received an aggregate sentence of about nine years, with four years suspended to probation and five years executed on community corrections. Thus, at the time Kress was sentenced in the instant Ripley County case, he was already serving his sentence in Decatur County on home detention through community corrections.

[6] On June 21, 2018, Kress was administered a drug screen by community corrections, which later returned positive for methamphetamine and THC. Thereafter, on July 12, 2018, Kress cut off his GPS monitor and fled Decatur County. On July 24, 2018, he was involved in a traffic stop in Bartholomew County and fled on foot. A new criminal charge was filed in Decatur County for Level 6 felony escape, along with a habitual offender enhancement.

[7] In the instant Ripley County case, on July 30, 2018, the State filed a petition for probation violation hearing, alleging that Kress had violated the terms of probation by committing a new criminal offense (escape) and using illegal drugs. While this petition was pending, Kress pled guilty to the escape charge in Decatur County and admitted being a habitual offender. He was sentenced to an executed term of eight years in prison on November 19, 2018.

[8] On March 14, 2019, the probation hearing was held in this case. Kress conceded that he violated probation as alleged by committing felony escape and using methamphetamine and marijuana. He also admitted that he had been charged and convicted of an additional crime committed while on probation – resisting law enforcement in Bartholomew County. Kress testified that he was about to start the Recovery While Incarcerated Program (the RWI Program) in prison to address his drug problem.[1] Kress asked that the court revoke only two years of his six-year sentence and allow him to continue in the RWI Program.

[9] The trial court revoked five and one-half years of Kress's suspended sentence and ordered that time to be served in the DOC. The court ordered that after Kress serves three years, he may enroll in the RWI Program, at the conclusion of which the court would consider sentence modification following completion. Kress now appeals. Additional facts will be provided below as needed.

## Discussion & Decision

[10] It is well established that probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). Once a trial court has exercised its grace by ordering probation rather than incarceration, the trial court has considerable leeway in deciding how to proceed. Id. Accordingly, a trial

---

[1] Kress claimed to have had an untreated drug problem for twenty years. On cross-examination, Kress indicated that he had been using methamphetamine for three years and that he had lied when he reported no addiction issues to the probation officer for the presentence investigation report in 2018.

court's sentencing decisions for probation violations are reviewable for an abuse of discretion and reversible only where the decision is clearly against the logic and effect of the facts and circumstances. Id. "If the court finds the defendant has violated a condition of his probation at any time before the termination of the probationary period, and the petition to revoke is filed within the probationary period, then the court may order execution of the sentence that had been suspended." Gosha v. State, 873 N.E.2d 660, 664 (Ind. Ct. App. 2007); *see also* Ind. Code § 35-38-2-3(h) (listing three sanctions that may be imposed upon the finding of a violation: (1) continue the person on probation with or without modification; (2) extend the probationary period; or (3) order execution of all or part of the sentence that was suspended at the time of the initial sentencing).

[11]  Kress asserts that the sanction imposed by the trial court for his admitted violations was "an illogical decision unsupported by the facts as presented at his probation revocation hearing." *Appellant's Brief* at 8. He directs us to his testimony at the hearing regarding his twenty-year history of drug use and claims that he never had an opportunity for real rehabilitation. Finally, noting that he was about to start the RWI Program while serving his eight-year sentence out of Decatur County, Kress argues that by not allowing him to engage in the RWI Program until three years into this sentence will "essentially unravel[] the opportunity provided to him in Decatur County." *Id*. at 11.

[12]  The trial court considered Kress's testimony at the probation hearing but observed that it was "a lot different" than it was at the original sentencing

hearing and that the "two don't square." *Transcript* at 21, 22. After questioning the credibility of this testimony, the trial court noted Kress's "extensive criminal history" and characterized his new crime of escape as "pretty flagrant" because it occurred while he was on home detention and he "continued to run in Bartholomew County." *Id*. at 23. The court continued:

> [Y]ou've proven yourself to be a very poor candidate for probation. Heck, you're not even a good candidate for in-home detention …. If they can't monitor you on in-home without you escaping by cutting off your bracelet, that was a very, very poor decision and it was furthered when you tried to resist in Columbus or you did resist, I guess, in Columbus. I don't know what the problem is here, but given that you have criminal history that goes all the way back to 1995, I guess it's not gonna be fixed here soon…. I don't think [the RWI Program]'s gonna fix it. I'm actually a little bit surprised that you got that[.]"

*Id*. at 23-24. Ultimately, the trial court revoked five and one-half years of Kress's suspended sentence and allowed for his participation in the RWI Program after the successful completion of three years of his sentence. The court indicated that it believed this sanction appropriately balanced "both penal consequences as well as rehabilitation". *Id*. at 27.

[13] We cannot agree with Kress that the sanction imposed by the trial court is against the logic and effect of the facts and circumstances. Here, Kress originally received a fully suspended sentence for his Level 5 felony conspiracy to commit burglary conviction. This sentence was particularly lenient considering his criminal history, which, at the time, spanned twenty years and

included six felony convictions and at least ten misdemeanor convictions. His felony convictions include drug-related crimes (committed in 2000, 2009, and 2010), forgery (2017), neglect of a dependent (2017), and escape (2017, from home detention). Within a month of being sentenced in this case and while on home detention for a conviction in Decatur County, Kress proceeded to commit another escape, use illegal drugs, and commit resisting law enforcement. These brazen violations show that Kress is ill suited for probation. Moreover, it is evident that the trial court did not find Kress's testimony at the probation hearing to be particularly credible. In sum, we conclude that the trial court acted well within its discretion.

[14]   Judgment affirmed.

Bradford, C.J. and Robb, J., concur.