## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 26 2020, 10:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEY FOR APPELLEE

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William R. Simpkins, *Appellant-Defendant,* | May 26, 2020 |
| v. | Court of Appeals Case No. 19A-CR-2990 |
| | Appeal from the Jefferson Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Michael J. Hensley, Judge |
| | Trial Court Cause No. 39D01-1806-F6-597 |

**Pyle, Judge.**

## Statement of the Case

[1] William Simpkins ("Simpkins") appeals the revocation of his probation, arguing that the trial court abused its discretion by ordering him to serve part of

his previously suspended sentence. Concluding that the trial court did not abuse its discretion, we affirm the trial court's judgment.

[2] We affirm.

## Issue

Whether the trial court abused its discretion by ordering Simpkins to serve part of his previously suspended sentence.

## Facts

[3] In June 2018, the State charged Simpkins with Level 6 felony domestic battery and Class A misdemeanor domestic battery. In September 2018, Simpkins entered into a plea agreement and pled guilty to the Level 6 felony domestic battery in exchange for the State's dismissal of the misdemeanor battery charge. The parties also agreed that Simpkins would receive a sentence of "24 months, all suspended except for time served" and 522 days on supervised probation. (App. Vol. 2 at 24). The trial court accepted Simpkins' guilty plea and entered a sentence pursuant to the plea agreement.

[4] A few months later, in February 2019, the State filed a notice of probation violation, alleging that Simpkins had violated his probation by testing positive for methamphetamine and amphetamine. Simpkins was arrested and then released on bond. Simpkins failed to appear for a March 2019 hearing and an April 2019 hearing, and the trial court issued a warrant. Simpkins appeared at a subsequent hearing, and the trial court allowed Simpkins to remain out on bond.

[5]   In May 2019, the trial court held a probation revocation hearing, during which Simpkins admitted that he had violated probation as alleged. The trial court allowed Simpkins to remain on probation and extended his probationary period by six months with the condition that he complete an intensive outpatient program.

[6]   Shortly thereafter, in August 2019, the State filed a second notice of probation violation, which it later amended in September 2019. In this September 2019 probation violation notice, the Stated alleged that Simpkins had violated his probation by: (1) refusing to submit to a urinalysis screen on July 9, 2019; (2) failing to attend a scheduled meeting with probation on August 6, 2019; (3) being discharged from Centerstone Recovery Center ("CRC") on August 29, 2019 because he had tested positive for methamphetamine while in CRC and had supplied other CRC clients with methamphetamine; and (4) failing a twelve-panel drug screen for methamphetamine and amphetamine at CRC on August 29, 2019.

[7]   The trial court held a probation revocation hearing in November 2019. Simpkins admitted that he had violated his probation under all the allegations contained in the September 2019 revocation petition, except for allegation (3).[1] The State presented testimony to support allegation (3). The trial court determined that Simpkins violated his probation and ordered that "all but one

---

[1] Simpkins admitted that he had tested positive for drugs in CRC but denied that he had supplied methamphetamine to other clients.

hundred [and] eighty (180) days of [Simpkins'] suspended sentence be revoked and served at the Jefferson County Jail[.]" (App. Vol. 2 at 39). The trial court ordered the remaining 180 days of probation to be terminated as unsuccessful. Simpkins now appeals.

## Decision

[8] Simpkins does not challenge the trial court's determination that he violated probation. Instead, he argues that the trial court abused its discretion by ordering him to serve part of his previously suspended sentence and that it should have left him on probation and returned him to a drug treatment program. We disagree.

[9] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the conditions are violated. *Id.*; *see also* IND. CODE § 35-38-2-3(a). Indeed, violation of a single condition of probation is sufficient to revoke probation. *Gosha v. State*, 873 N.E.2d 660, 663 (Ind. Ct. App. 2007). Upon determining that a probationer has violated a condition of probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." IND. CODE § 35-38-2-3(h)(3). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt*, 878 N.E.2d at 188. "If this discretion were not given to trial courts and

sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." *Id.* As a result, we review a trial court's sentencing decision from a probation revocation for an abuse of discretion. *Id.* (citing *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[10] The record reveals that the trial court had a sufficient basis for its decision to order Simpkins to serve part of his previously suspended sentence. Here, within a few months of being placed on probation, Simpkins admitted that he had violated probation—the first time—by using methamphetamine. The trial court showed Simpkins leniency and allowed him to remain on probation. The trial court extended his probation and ordered him to complete an intensive outpatient program. Simpkins, however, squandered this opportunity. Within three months, the State filed a second probation revocation petition and then an amended petition, alleging that Simpkins had violated probation by testing positive for methamphetamine and amphetamine, failing to report for a drug screen, and failing to meet with his probation officer. Simpkins admitted that he had violated these conditions of probation. Based on the record before us, we conclude that the trial court did not abuse its discretion by ordering Simpkins to serve part of his previously suspended sentence. For the foregoing reasons, we affirm the trial court's partial revocation of Simpkins' probation and imposition of all but 180 days of his previously suspended sentence.

Affirmed.

Bradford, C.J., and Baker, J., concur.